1 David M. Schoeggl, WSBA No. 13638
schoeggld@lanepowell.com
2 Lane Powell, PC
1420 Fifth Avenue, Suite 4200
3 P.O. Box 91302
Seattle, WA 98111-9402
4 Telephone: 206.223.7000
Facsimile: 206.223.7107

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| EDDIE DANIELS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DKP ADMINISTRATION, INC., a Virginia corporation, and LYNDON SOUTHERN INSURANCE COMPANY, a Delaware corporation,<br><br>Defendants. | Case No.<br><br>DEFENDANT LYNDON SOUTHERN INSURANCE COMPANY'S NOTICE OF REMOVAL |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Lyndon Southern Insurance Company ("Lyndon"), pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Superior Court of the State of Washington in and for the County of Spokane (the "Spokane County Superior Court") to the United States District Court for the Eastern District of Washington. All co-defendants named in this matter consent to removal.

DEFENDANT LYNDON SOUTHERN INSURANCE
COMPANY'S NOTICE OF REMOVAL - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

I. **FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS**

1. On or about December 15, 2023, plaintiff Eddie Daniels ("Plaintiff") filed a putative class action against DKP Administration, Inc. ("DKP"), and Lyndon (collectively, "Defendants"), in Spokane County Superior Court. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Plaintiff served a copy of the Complaint on the Insurance Commissioner of the State of Washington on December 26, 2023. Lyndon was served with the Complaint and Summons on December 29, 2023. The documents that comprise Exhibit B constitute all process, pleadings, and orders served on Lyndon as of the date of this filing. DKP was served with the Complaint and Summons on January 3, 2024. The documents that comprise Exhibit C constitute all process, pleadings, and orders served on DKP as of the date of this filing.

3. Daniels alleges that the Vehicle Service Contracts ("VSC Agreements") he purchased on or about April 30, and December 28, 2022, which were provided by DKP, did not include certain disclosures required by RCW 48.110.075(2). Daniels brings claims under the Washington Consumer Protection Act ("CPA"), RCW 19.86.010 *et seq.*, and for common-law unjust enrichment, and seeks to represent a putative class of Washington residents who purchased Vehicle Service Contracts ("VSCs") and Protection Product Guarantees ("PPGs") that DKP provided and that Lyndon insured.

DEFENDANT LYNDON SOUTHERN INSURANCE COMPANY'S NOTICE OF REMOVAL - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## II. REMOVAL IS TIMELY

4. Plaintiff served a copy of the Complaint on the Insurance Commissioner of the State of Washington on December 26, 2023. DKP and Lyndon were served with the Complaint and Summons on January 3, 2024, and on December 29, 2023, respectively. *See* Exhibits B and C. Because this Notice of Removal is filed within 30 days of service of the Complaint and Summons, it is timely under 28 U.S.C. § 1446(b)(3), 1453. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir. 2019) (holding that "the thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent," but instead begins only when the defendant receives the complaint).

## III. THE COURT HAS JURISDICTION PURSUANT TO CAFA

5. The Complaint is removable because this Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d). Federal courts may exercise diversity jurisdiction under CAFA over "class actions" where: (1) there are at least 100 putative class members; (2) there is minimal diversity between the parties—in other words, at least one putative class member is a citizen of a state different from at least one defendant; and (3) the aggregate amount in controversy exceeds $5,000,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014); see also 28 U.S.C. § 1441.

DEFENDANT LYNDON SOUTHERN INSURANCE COMPANY'S NOTICE OF REMOVAL - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

6. Lyndon disputes Plaintiff's allegations, including any claims that Lyndon is liable for any wrongdoing or that Plaintiff could meet the standards of Fed. R. Civ. P. 23 or Wash. Super. Ct. R. 23 for any proposed class. Lyndon reserves all rights and defenses—including, but not limited to the right to contest the definition, scope, certifiability, and merits of the claims of the proposed class as alleged in the Complaint. But as set forth below, the allegations in the Complaint satisfy CAFA's requirements for removal to federal court.

A. **More than 100 Putative Class Members**

7. This action is a putative "class action" under CAFA because it was brought under Rule 23 of the Washington Superior Court Civil Rules (Ex. A, ¶ 5.11), authorizing a lawsuit to be brought as a class action. 28 U.S.C. § 1332(d); *see also* Ex. A, ¶ 1.2 ("Mr. Daniels brings this action against the above-captioned Defendants on behalf of himself and all others similarly situated . . . ."); ¶ 5.2 ("This action is brought on behalf of a class . . . .").

8. Plaintiff states that he brings this action on behalf of a class preliminarily defined as, "[a]ll persons, as the term 'person' is defined in RCW 19.86.010(1) . . . who paid for a vehicle 'Service Contract,' as that term is defined in RCW 48.110.020(18), and/or a 'Protection Product Guarantee,' as that term is defined in RCW 48.110.020(11) . . . that was issued and/or sold by Defendant DKP in Washington . . . in which the 'Service Contract' or 'Protection Product Guarantee'

DEFENDANT LYNDON SOUTHERN INSURANCE COMPANY'S NOTICE OF REMOVAL - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

did not contain one or more of the mandatory consumer disclosures enumerated in RCW 48.110.075(2)(e)(i) — (vi) . . . within the four (4) years prior to the commencement of this lawsuit; through the date the class is certified." Ex. A ¶ 5.2.

9.  Here, Plaintiff's own allegation—that "[t]he Defendants issued, sold, or offered for sale VSCs to Mr. Daniels and at least 100 other Washington consumers"—makes clear that Plaintiff's proposed class includes at least 100 affected contract holders. Ex. A ¶ 4.42. Additionally, although Lyndon's investigation into this matter is ongoing, its preliminary inquiry indicates that there are significantly more than 100 putative class members, as explained below. This action accordingly satisfies CAFA's requirement that the proposed class contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

**B.  The Parties are Minimally Diverse**

10.  CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Armstrong v. Argosy Educ. Grp. Inc.*, No. C14-852 MJP, 2014 WL 12674280, at *2 (W.D. Wash. Aug. 5, 2014) ("CAFA has no 'complete diversity' or forum defendant rule, but rather a 'minimal diversity' requirement which is satisfied wherever a single member of the proposed class is from a different state than any defendant.").

11.  Plaintiff alleges that he is a citizen of Washington. Ex. A ¶ 2.1.

DEFENDANT LYNDON SOUTHERN INSURANCE
COMPANY'S NOTICE OF REMOVAL - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

12. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). At the time of the filing of the Complaint and at the time of removal, Defendant DKP was and is incorporated in Virginia with its headquarters and principal place of business in Virginia. *See* Ex. A ¶ 2.2.

13. At the time of the filing of the Complaint and at the time of removal, Defendant Lyndon was and is incorporated in Delaware with its headquarters and principal place of business in Florida. *See* Ex. A ¶ 2.3.

14. Therefore, CAFA's minimal diversity requirement is satisfied because Plaintiff and Defendants DKP and Lyndon are citizens of different states. Ex. A, ¶¶ 2.1-2.3.

### C. The Amount in Controversy Exceeds $5,000,000

15. Lyndon denies that Plaintiff or any of the putative class members are entitled to any relief. But for the purposes of determining federal jurisdiction, and without prejudice to any of Lyndon's rights or defenses, Plaintiff's allegations indicate that the amount purported to be in controversy exceeds the $5,000,000 threshold amount, exclusive of costs and interest, for removal jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2).

16. In calculating the potential amount in controversy under CAFA, the claims of the individual members in a class action are aggregated to determine if the

DEFENDANT LYNDON SOUTHERN INSURANCE COMPANY'S NOTICE OF REMOVAL - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Courts include actual damages, compensatory damages, treble damages, statutory penalties, costs of complying with an injunction, punitive damages, and attorneys' fees in the amount in controversy calculation. *See, e.g., Trepanier v. Progressive Direct Ins. Co.*, No. C12-0987-JCC, 2012 WL 12882865, at *2 (W.D. Wash. Sept. 19, 2012) ("[T]he amount in controversy includes not just actual damages, but also statutorily authorized attorneys' fees and treble damages.").

17.  When a plaintiff fails to plead a specific dollar amount of damages and the amount in controversy is not necessarily "facially apparent" from the complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. To satisfy this burden, a defendant may rely on a "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not

DEFENDANT LYNDON SOUTHERN INSURANCE COMPANY'S NOTICE OF REMOVAL - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

contested by the plaintiff or questioned by the court." *Dart Cherokee,* 574 U.S. at 87.

18. <u>Actual Damages.</u> Plaintiff asserts violations of the Washington Consumer Protection Act (the "CPA"), Ex. A ¶ 4.43, and seeks unspecified damages for "injuries to their business and property." *Id.* ¶¶ 4.44, 6.7.  In addition, Plaintiff seeks "restitution of amounts paid or disgorgement" of the amounts collected in connection with the contracts at issue—in other words, the refund of all payments collected for each VSC or PPG at issue. *Id.* ¶¶ 6.4, 7.3.

19. Although Lyndon's investigation into this matter is ongoing, its preliminary inquiry indicates that, as Plaintiff indicated, there are more than 100 contracts at issue in this litigation. *See Ibarra v. Manheim Invest., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("In determining the amount in controversy, courts first look to the complaint.").   Lyndon's records show that the cost to customers of those contracts exceeded $5 million, without including any damages for "injuries to . . . business and property" Plaintiff seeks on behalf of herself and putative class members.

20. <u>Treble Damages.</u>  Plaintiff asserts a violation of the CPA, and seeks exemplary damages.  Ex. A ¶ 7.4.  Under the CPA, the Court may increase the amount of damages for each putative class member up to three times the actual damages, but not more than $25,000 for each class member.  RCW 19.86.090.

DEFENDANT LYNDON SOUTHERN INSURANCE COMPANY'S NOTICE OF  REMOVAL - 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Because Plaintiffs have "put treble damages at issue . . . a reasonable estimate of those damages must be included in the amount in controversy calculus." *Lewis v. Hartford Cas. Ins. Co.*, No. 3:15–CV–05275–RBL, 2015 WL 4430971, at *2 (W.D. Wash. July 20, 2015); *Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *4 (W.D. Wash Aug. 2, 2022). "Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Using the statutory maximum to evaluate the amount in controversy, only 200 putative class members are necessary to satisfy the amount in controversy, without including any additional damages, disgorgement, costs of compliance, or attorneys' fees and costs. Although Lyndon's investigation into this matter is ongoing, as stated above, its preliminary inquiry indicates that the number of class members significantly exceeds 100 individuals, indicating an amount of controversy that significantly exceeds $5 million in exemplary damages alone.

21. <u>Attorneys' Fee and Costs.</u>  Finally, Plaintiff seeks "court costs and attorneys' fees incurred by the Plaintiff in this action as provided by applicable statutes." Ex. A ¶ 7.5. The Ninth Circuit has held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz.,*

DEFENDANT LYNDON SOUTHERN INSURANCE COMPANY'S NOTICE OF REMOVAL - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

*LLC*, 899 F.3d 785, 794 (9th Cir. 2018). As with treble damages, a removing party need only show estimated attorney fees are reasonable. *Copple*, 2022 WL 3357865, at *5. Courts have, for removal analysis purposes in CPA actions, contemplated attorneys' fees in amounts of 25% of the total class recovery. *See, e.g., Dawsey v. Travelers Indem. Co.*, No. 3:15–cv–05188–RBL, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015); *Copple*, 2022 WL 3357865 at *7; *see also Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."); *Berry v. Transdev Servs., Inc.*, 2016 WL 11261499, at *4–5 (W.D. Wash. Jan. 11, 2016) (finding amount in controversy requirement satisfied, in part, because "[u]sing the 25% common fund approach would get Defendants past the line").

22. Lyndon reserves the right to present additional evidentiary support should Plaintiff challenge federal jurisdiction, including whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 89.

### IV.    OTHER REQUIREMENTS FOR REMOVAL ARE MET

23. The United States District Court for the Eastern District of Washington is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiffs originally filed this case, in the Spokane County Superior Court. *See* 28 U.S.C. §§ 128(b), 1441(a).

24. Lyndon will promptly serve notice of removal on Plaintiff and will

DEFENDANT LYNDON SOUTHERN INSURANCE COMPANY'S NOTICE OF REMOVAL - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

promptly file a copy of this Notice with the Clerk of the Superior Court of the State of Washington for the County of Spokane, in which the action is pending, as required under 28 U.S.C. § 1446(d).  This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.  *See* 28 U.S.C. § 1446(a).

25.    Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Lyndon is attached as Exhibits A through B.  In the event additional process, pleadings, or orders are served on any of the Defendants, Defendants shall promptly provide this Court with true and correct copies of all such papers.

26.    No previous application has been made for the relief sought herein.

27.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Lyndon's right to assert any defense.  Lyndon reserves the right to assert all applicable claims and defenses in response to the Complaint.

V.    **CONCLUSION**

For the foregoing reasons, Lyndon respectfully submits that this action is properly removed from the Superior Court of the State of Washington for the County of Spokane to this Court.  If any question arises as to the propriety of the removal of this action, Lyndon respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed.

DEFENDANT LYNDON SOUTHERN INSURANCE COMPANY'S NOTICE OF REMOVAL - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Lyndon further reserves the right to amend or supplement this Notice of Removal to assert additional bases for federal jurisdiction.

WHEREFORE, Lyndon hereby removes this action, now pending in the Superior Court of the State of Washington for the County of Spokane, Case No. 2:32 05400-32, to the United States District Court for the Eastern District of Washington.

Dated: January 25, 2024

                    LANE POWELL, PC

By:   */s/ David M. Schoeggl*
       David M. Schoeggl

*Attorney for Defendant Lyndon Southern Insurance Company, a Delaware corporation*

DEFENDANT LYNDON SOUTHERN INSURANCE COMPANY'S NOTICE OF REMOVAL - 12

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I, Lou Rosenkranz, hereby certify that on January 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM / ECF system, and served a copy by email on the following counsel:

Counsel for Plaintiff:

Shayne Sutherland, WSBA #44593
Brian Cameron, WSBA #44905
Cameron Sutherland, PLLC
421 W. Riverside, Ste. 660
Spokane, Washington 99201
ssutherland@cameronsutherland.com
bcameron@cameronsutherland.com

Chris M. Hogue, WSBA #48041
Hogue Law Firm
905 W Riverside Ave Ste 402
Spokane, WA 99201-0410
chris@spokaneadvocate.com

Executed this 25th day of January, 2024, at Edmonds, Washington.

By:  *s/ Lou Rosenkranz*
     Lou Rosenkranz

DEFENDANT LYNDON SOUTHERN INSURANCE COMPANY'S NOTICE OF REMOVAL - 13

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107